1. EXECUTORS AND ADMINISTRATORS—DECREE OF DISTRIBUTION.
      Where it appears, on a settlement of an administrator's account, that there is a sum to be distributed to an estate of which no administrator has been appointed, there is no person to whom the share can be decreed to be paid, and no direction as to its payment can be made, under Code Civil Proc. § 2743, providing that when the account of an administrator has been judicially settled, and there remains a sum to be distributed to the next of kin, the decree must direct the payment and distribution thereof to the persons so entitled.

2. SAME—PAYMENT TO COUNTY TREASURER.
      Code, § 2748, relating to the settlement of accounts, provides that the decree must direct the administrator to pay to the county treasurer a distributive share which is not paid to the person entitled thereto, as fixed by the decree, at the expiration of two years from the time when the decree is made or the share is payable by the terms of the decree.   *Held* that, where it appeared, on an accounting, that there was in existence no legal representative of a deceased person whose estate was entitled to a distributive share, to whom the share can be decreed to be paid, there can be no direction made for its payment to the county treasurer.

3. SAME—PAYMENT TO STATE TREASURER.
      Nor is the distributee in such case "unknown," within Code Civil Proc. § 2747, providing for the payment to the state treasurer of a distributive share, where the person entitled thereto is unknown.

4. SAME—DUTY OF ADMINISTRATOR.
      In such case the administrator must hold the share until some one entitled to receive it shall appear, when it will be the subject of further accounting.

Proceeding for the judicial settlement of the accounts of James F. Mee and William F. Lane, as administrators of the estate of Michael Lane, deceased.

*Joseph E. Owens,* for administrators.

COFFIN, S. The intestate died, leaving as his next of kin, among others, Margaret Lyons, a married sister, residing with her husband and children in London, Eng. Since then Mrs. Lyons has died, leaving her husband and children surviving. She is said to have died intestate, and no one has been appointed to administer her estate. The administrators of Lane have, among others, cited the husband and children to attend their accounting, none of whom appeared, except a special guardian appointed for the minors. No objection was made to the account. A decree is presented for signature, and the only question is, what disposition shall be made of the share of the late Mrs. Lyons, which amounts to about $334? The proposed decree provides that it shall be paid to her administrator when appointed, and, in the event that it shall not be so paid at the expiration of two years from the date of the decree, it be paid to the treasurer of Westchester county. Section 2743 of the Code provides that when the account has been judicially settled, and there remains a sum to be distributed to the creditors, next of kin, etc., the decree must direct the payment and distribution thereof to the persons so entitled. Of course, the decree cannot direct payment except to some person, and it cannot direct payment of the share in question to the husband and children, because it belongs to the estate of the deceased wife, and that must be administered in a proceeding by itself. If there were an executor or administrator of her estate, the decree should direct it to be paid to him as a person entitled to receive it as a part of the estate he would represent. At present, then, there is no person to whom the share can be decreed to be paid. Section 2748, following up the idea of distributing the estate as above directed, enacts that the decree must direct the administrator to pay to the county treasurer a distributive share, which is not paid to the person entitled thereto, as fixed by the decree at the expiration of two years from the time when the decree is made, or the share is payable by the terms of the decree. As there is no person or legal representative in existence to whom this share can be decreed to be paid, there can be no provision made for its payment to the county treasurer. Nor can it be paid to the state treasurer under the provisions of section 2747, which enacts that it shall be so paid when the person entitled to it is unknown. The latter word itself presupposes the existence of such a person, while, as has been shown, there is none. If a legacy were directed to be paid to issue of a person named, and such issue existed, but were unknown, then this section would have application. This would seem to be a *casus omissus.* There can be discovered no other course open than to direct the administrators to hold this share until some one entitled to receive it shall appear, and then it must be the subject of a further accounting by the administrators.