In the Matter of the Accounting of GEORGE H. MORGAN et al., Executors of GEORGE D. MORGAN, Deceased.

(Surrogate's Court, Westchester County, Filed September, 1892.)

EXECUTORS AND ADMINISTRATORS—DEATH OF LEGATEE.

Where a legatee dies before the legacy is payable, and no administrator has been appointed for him, the case is not one within sections

2747 or 2748 of the Code, and the court, on the accounting of the execu-
tors of the estate, will direct such legacy to be paid into court, to be
delivered ultimately to any one who can establish a legal right to its
possession.

Judicial accounting of executors.

Testator gave a legacy to his grandson, George D. M. Fuller-
ton, to be paid when he should become 21 years of age. The
executors filed a petition for a settlement of their accounts, but
the infant legatee died before service of the citation on him,
and no administrator of his estate was appointed. He left as
his next of kin his father, who claimed that the legacy should
be paid to him.

Eugene Smith, for executors; M. M. Silliman, special
guardian.

COFFIN, S.—There seems to be no provision of law precisely
covering the facts of this case, but it is provided by section
2729 of the Code that a petition of an executor or administra-
tor may be presented, praying that the creditors and decedent's
husband or wife, next of kin, and legatees, "or, if either of
those persons has died, his executor or administrator, if any,
may be cited to attend the settlement." Hence, had this minor
died before filing the petition, it would seem his administrator
would have been the only proper party to the proceeding, if he
had any. The statute does not authorize the citing of a next of
kin of a deceased creditor, husband, wife, legatee or next of
kin, and they are, therefore, in no sense proper parties to the
proceeding, and payment cannot be decreed to be made to them,
simply, but it may decree such payment to the executor or ad-
ministrator of any of them. Of course the death of the minor
does not cause the proceeding to abate, but his administrator, if
he had any, might intervene, and be made a party, or he could
be brought in and made a party, under the provisions of section
2743. Simply as next of kin, the father cannot, under the
authority of section 2731, appear upon the hearing, and make
himself a party to the proceeding, because he is not a person

interested in this estate. His interest is in the estate of his deceased son. If, instead of being a minor, the deceased legatee had been of full age, to whom the legacy had been directed to be paid when he reached the age of 40, it is very certain that a vested legacy could be paid only to his executor or administrator, to be administered as a part of his estate. It is not discovered that the fact of his being a minor can make any difference. It does not seem to me that this is a case for a direction in the decree, as contemplated by either sections 2747 or 2748.

The first provides that, where the person entitled to a legacy is unknown, the decree must direct it to be paid into the State treasury. That, it would appear, contemplates a legacy to an individual or a class of persons, as to the child or children of A. B., who are unknown, and cannot be ascertained. Here the legatee is known. The next section, which enacts that the decree must direct the executor to pay to the county treasurer a legacy which is not paid to the person entitled thereto at the expiration of two years from the date of the decree, etc., contemplates a case where the decree directs payment to a legatee who is known, and is alive, and is, as Surrogate Rollins well says in the case of Koch v. Woehr, 3 Dem. 282, "of universal application," but that the insertion of such a provision in the decree "is generally of no practical importance, and in most cases may with propriety be omitted." There being found no statute directly applicable to the facts as presented here, resort must be had to subdivision 11 of section 2481 of the Code, in search of a power authorizing a solution of the difficulty. Legislative wisdom has there furnished the way to escape from it. This court is there clothed with power, "with respect to any matter not expressly provided for in the foregoing subdivisions of this section, to proceed, in all matters subject to the cognizance of this court, according to the course and practice of a court having, by the common law, jurisdiction of such matters, except as otherwise prescribed by statute; and to exercise such incidental powers as are necessary to carry into effect the powers expressly conferred." The Court of Chancery formerly, and

not the Supreme Court, would undoubtedly have power, in a like case, to direct the legacy or fund to be paid into court, to be delivered over ultimately to any one who could establish a legal right to its possession. Therefore the decree herein should contain such a provision. Thus the difficulty supposed to have been encountered in Matter of Lane, 20 N. Y. Supp. 78, did not really exist.